Filed 10/31/13  P. v. Castillo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047652 |
| v. | (Super. Ct. No. 10NF2857) |
| JOEY ERNEST CASTILLO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Patrick Donahue, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lise Jacobson and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant Joey Ernest Castillo guilty of rape. (Pen. Code, § 261, subd. (a)(2).) The court sentenced him to eight years in state prison. He appeals contending the trial court erred in admitting evidence of an earlier uncharged crime of attempted sexual assault on an unconscious woman. We conclude there was no error. Defendant also asks us to review the sealed transcript of a June 11, 2012 hearing, and determine whether the court, in denying him access to records, denied him his right to present relevant evidence. We have examined this transcript and find no error. We therefore affirm the judgment.

FACTS

Defendant, who was older, drove teenage G.V. and her friend M.H., together with three other teenage girls to a party. On the way, he furnished G.V. with alcoholic beverages. After the party broke up, someone yelled that the police had arrived, H.M. became separated. Defendant and G.V. walked around the neighborhood, looking for her. After defendant and G.V. were in a deserted area, defendant pushed G.V. to the ground, unbuckled her pants and removed one pant leg, her shoes, and pressed her to the curb holding down her arms and legs. Defendant took off his shorts, and raped her, leaving bruises on G.V.'s arms, legs, and back.

DISCUSSION

1. *The court did not err in admitting evidence of defendant's prior attempted sexual assault.*

Over objection, the court admitted evidence that, some six years before the present crime, defendant was observed in what appeared to be a sexual assault on a

2

woman who was passed out on the beach. Defendant claimed he had been trying to save the woman from drowning. Apparently no charges were filed. As the Attorney General acknowledges, generally evidence of a person's character is not admissible to prove conduct on a specific occasion. (Citing Evid. Code, § 1101, subd. (a); *People v. Ewoldt* (1994) 7 Cal.4th 380, 393.) But Evidence Code section 1108 provides an exception to this rule.

The court ruled the earlier incident was admissible under Evidence Code section 1108, subdivision (a), which provides that "[i]n a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Evidence Code section 352 provides for the exclusion of evidence that is time consuming, unduly prejudicial, confusing, or misleading. Whether this statute requires exclusion of the evidence is a matter within the discretion of the trial court. And our Supreme Court has noted that it "will not disturb a trial court's exercise of discretion under Evidence Code section 352 unless it is shown the trial court exercised its discretion '"in an arbitrary, capricious or patently absurd manner."' [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 948, disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22; also see *People v. Homick* (2012) 55 Cal.4th 816, 865.) And, as defendant notes, "reviewing courts use a deferential standard of review." (See *People v. Pollock* (2004) 32 Cal.4th 1153, 1172.)

Defendant claims the trial court failed to properly consider the appropriate factors in weighing the prejudicial impact against the probative effect of the evidence of the uncharged act. Defendant cites two cases in support of this claim: *People v. Earle* (2009) 172 Cal.App.4th 372, 396-400 and *People v. Harris* (1998) 60 Cal.App.4th 727, 738-741. But in both cases, the appellate court held the propensity evidence should not

3

have been admitted because the evidence of the prior conduct was too dissimilar from the conduct at issue. In *Earle*, the court held that commission of indecent exposure did not support a propensity to commit a rape. (*People v. Earle, supra,* 172 Cal.App.4th at pp. 397-398) In *Harris*, the forcible and violent rape of a stranger did not support a propensity to commit sexual offenses on acquaintances who were vulnerable because of their mental health conditions and put up little resistance. (*People v. Harris, supra,* 60 Cal.App.4th at p. 738.) The evidence here, an attempted sexual assault on an unconscious woman in the earlier case, does not differ materially from the sexual assault on a young woman for whom defendant had provided alcoholic beverages.

The trial court relied on this similarity in stating "the court believes the facts in both cases are similar. Although the district attorney isn't asking for it, it probably would be admissible under [Evidence Code] 1101[, subdivision] (b) to show intent. The court also considered other factors relevant under section 352: "the prior act is more probative than prejudicial. It does not inflame the jury because the prior act is not more offensive than the charged act. It occurred a relatively short period of time before the charged act, I think about six years. . . . [¶] The prior act is not one that will inflame or incite the jury in such a way that they could not be fair, and will not confuse, mislead or distract jurors. And the court believes that it is more probative than prejudicial and that will be allowed to come in under [Evidence Code section] 1108."

Defendant argues that our Supreme Court analysis of the issue in *People v. Falsetta* (1999) 21 Cal.4th 903 is flawed because "propensity evidence is, by its nature, highly prejudicial." We first note that it is not up to us to disagree with a decision of our Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Furthermore, defendant misunderstands the nature of the word "prejudice" as used in Evidence Code section 352. Evidence Code section 1108, in incorporating section 352, recognizes that there is prejudice but the question is not, is the evidence prejudicial?

4

Rather the question to be answered by the trial court is, is the probative value of the evidence outweighed by the "substantial danger of undue prejudice."

Defendant cites *People v. Branch* (2001) 91 Cal.App.4th 274, 282 for the proposition that "[i]n making a section 352 decision concerning evidence to be admitted under section 1108, the court is to weigh the probative value of the evidence against four factors: (1) the inflammatory nature of the uncharged conduct; (2) the possibility of confusion of issues; (3) the remoteness in time of the uncharged offenses; and (4) the amount of time involved in introducing and refuting the evidence of uncharged offenses." As noted in the above quoted statement of the trial court when ruling on the admissibility of the uncharged offense, the trial court expressly considered the first three of these factors; the fourth factor was not urged by defendant. We must therefore conclude that the trial court did exactly what it was required to do in ruling on the admissibility of the evidence.

The court also cautioned the jury on how to use the evidence of the uncharged offense by instructing it with CALCRIM No. 1191, including the statement that the evidence of the uncharged offense "is not sufficient by itself to prove the defendant is guilty of rape." Defendant argues that this was insufficient. However, his argument is predicated on the proposition that it was error to admit the evidence, an issue we resolved above.

2. *The court did not err in ruling that the sealed hearing of June 11, 2012, did not disclose evidence relevant to the case.*

We reviewed the sealed transcript of the June 11, 2012 hearing. It does not disclose the existence of any records or other evidence that, in any way, have any relevance to the issues herein.

DISPOSITION

The judgment is affirmed.

                                        RYLAARSDAM, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.